Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 845 | **DATE** | 5/24/2000 |
| **CASE TITLE** | THEOPHILUS GREEN vs. JEREMY KRAMER, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motions to dismiss [10-1; 14-1; 18-1] are granted. The complaint is dismissed without prejudice. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 25 2000 date docketed | 22 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 5/24/2000 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| jad | courtroom deputy's initials | | jad mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEOPHILUS GREEN, | ) |
| | ) |
| Plaintiff, | ) No. 00 C 845 |
| | ) |
| v. | ) Suzanne B. Conlon, Judge |
| | ) |
| JEREMY KRAMER, et al. | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Theophilius Green ("Green") sues East Point Condominium Association ("East Point"), Martin Hagerty ("Hagerty"), Citicorp Mortgage ("Citicorp"), Jeremy Kramer ("Kramer"), David Sugar ("Sugar"), and the law firm of Schwartz & Freeman ("S & F") for violation of his civil rights. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**BACKGROUND**

For purposes of a motion to dismiss, this court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 (7th Cir. 1996). Green's *pro se* complaint is somewhat unclear. However, the court discerns the following:

East Point is a condominium association. Hagerty is a member of East Point's board. Green is an African-American, and owned a condominium at East Point. Green filed for bankruptcy in 1997, and again in 2000. Defendants contend Green failed to make payments on

the mortgage and assessments for his condominium. At some point in time, East Point and Hagerty moved the bankruptcy court to modify the automatic stay to authorize Green's eviction from his condominium, East Point's entitlement to possession of the condominium, and a foreclosure sale of the condominium. The bankruptcy court apparently granted the motion and modified the stay.

Green contends the action to modify the stay was baseless because his debt to East Point had been discharged and all liens had been satisfied. Green contends East Point and Kramer, an attorney at S & F who represented East Point, knew the action was baseless. Green further alleges that East Point, Hagerty, and Kramer conspired to misrepresent to the bankruptcy court the true nature of his debt to East Point. According to Green, East Point and Kramer allegedly used perjured testimony and documents to obtain modification of the stay, and Hagerty knowingly misrepresented that Green's debt had not been discharged in order to further the conspiracy. Green claims East Point, Kramer, and Hagerty conspired against him because of his race.

Green claims Sugar was Kramer's supervisor at S & F and that Sugar knowingly acquiesced in Kramer's illegal conduct. Finally, Green alleges Citicorp joined a case it had against Green with East Point's action for modification of the stay, and knew or should have known of the illegal acts of the other defendants.

2

**DISCUSSION**

When ruling on a motion to dismiss, this court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). A complaint may be dismissed for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hedrich v. Pegram, 154 F.3d 362, 369 (7th Cir. 1998).

The complaint contains two counts. The gravamen of Count I is that defendants violated Green's right to due process by conspiring to deceive the bankruptcy court about the status of his debt to East Point. Although not captioned, the court assumes this is a claim brought under 42 U.S.C. § 1983 for violation of Green's constitutional right to due process. To state a claim under § 1983, a plaintiff must allege: (1) that the defendants acted under the color of state law, and (2) that the defendants deprived him of a right secured by the Constitution or laws of the United States. Kitzman-Kelley v. Warner, 203 F.3d 454, 457 (7th Cir. 2000). Green's complaint fails to allege the first requirement – that the defendants acted under color of state law. "For an individual to act under color of law, there must be evidence of a concerted effort between a state actor and that individual." Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998). To establish § 1983 liability under

3

a conspiracy theory, Green must demonstrate that: (1) defendants and a state official reached an understanding to violate Green's constitutional rights, and (2) defendants willfully participated in joint activity with the state or its agents. Id. (citations omitted). The complaint discloses no facts from which it can be inferred that defendants -- private individuals and entities -- acted in concert with a state actor to deceive the bankruptcy court. Aside from defendants, the only other actor referenced in the complaint is the bankruptcy judge. The federal bankruptcy judge is not a state actor. Accordingly, Count I must be dismissed.

Count II is entitled "Illegal Conversion." Despite its title, the gravamen of Count II appears to be that defendants' conspiracy violated 42 U.S.C. § 1985(3), a statue referenced elsewhere in the complaint. Section 1985(3) prohibits conspiracies designed to deprive persons of equal protection of the laws. Hernandez v. Joliet Police Dept., 197 F.3d 256, 263 (7th Cir. 1999). Green's conclusory allegations fail to state a § 1985(3) conspiracy claim. A § 1985(3) claim must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Majeske v. Fraternal Order of Police, Local Lodge No. 7, 94 F.3d 307, 311 (7th Cir. 1996). Moreover, "[i]t is not enough for a section 1985 plaintiff to plead mere conclusory allegations of a conspiracy. Rather, the plaintiff must plead specific material facts that show the existence of a conspiracy."

4

Copeland v. Northwestern Memorial Hospital, 964 F. Supp. 1225, 1235 (N.D. Ill. 1997) (citing Winterland Concessions Co. v. Trela, 735 F.2d 257 (7th Cir. 1984)). "[B]ald assertions of discriminatory animus behind the conspirators' action, unsupported by any meaningful, factual allegations is not enough to withstand a motion to dismiss." Naquib v. Illinois Dept. of Prof'l Reg., 986 F. Supp. 1082, 1092 (N.D. Ill. 1997).

Green's complaint offers nothing aside from bald allegations of a conspiratorial agreement. Moreover, the complaint does not identify the statements by defendants to the bankruptcy court that were misleading or untruthful, or the dates or particular proceedings during which they occurred. Defendants cannot defend against these vague and conclusory allegations. Finally, the complaint alleges no facts supporting an inference of racial animus.

Even if Count II were read to allege an illegal conversion claim rather than conspiracy, it must be dismissed for failure to adequately plead the claim. To state a cause of action for conversion, a plaintiff must allege: (1) an unauthorized and wrongful assumption of control, dominion, or ownership by a defendant over plaintiff's personalty; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property. Colonial Funding, L.L.C. v. American Empire Surplus Lines Ins. Co., 719 N.E.2d 1098, 1100 (Ill. App. 1999). The vague complaint fails to set forth sufficient facts

5

underlying the elements of conversion, particularly the third and fourth elements. Accordingly, Count II must be dismissed.

Finally, the court notes that the background section of the complaint alleges in a single sentence that Hagerty somehow violated Green's rights under the Illinois Condominium Association Act. Compl. at 4. It is not clear whether Green intends this statement as an allegation of an independent cause of action, or whether it is presented as background information. To the extent Green intends the statement as the basis for a claim under the Act, it must be dismissed. The complaint does not identify which provision of the Act Hagerty allegedly violated, nor does it state the facts Green believes constitute a violation of the Act.

## CONCLUSION

The motions to dismiss are granted. The complaint is dismissed without prejudice.

ENTER:

Suzanne B. Conlon
United States District Judge

May 24, 2000